UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DONALD GREEN, | : | Civ. No. 08-3418 (FLW) |
| Petitioner, | : | |
| v. | : | OPINION |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**WOLFSON, District Judge:**

Presently before the Court is the petition of Donald Green ("Petitioner" or "Green") brought pursuant to 28 U.S.C. § 2255. Petitioner's motion is based on a claim of ineffective assistance of counsel. Respondent United States of America ("Respondent") moves to dismiss Petitioner's motion. For the following reasons, the Court dismisses Petitioner's motion as he waived his right to appeal or collaterally attack his sentence and his claims are barred by the relevant statute of limitations.

**I. Background And Procedural History**

Petitioner was indicted for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 2. (Plea Agreement, ("Agreement") dated Dec. 9, 2003.) On or about December 15, 2002, Petitioner possessed a loaded Intratec, Model Tec 9, 9 millimeter Luger handgun, with an obliterated serial number. Id. In response to the Indictment, Petitioner pleaded guilty before the Court on January 5, 2004 in accordance with the terms of the Agreement signed December 9, 2003. (Resp't's Mem. Supp. Mot. Dismiss 1; Agreement.)

The terms of the Agreement included, inter alia, a limited waiver of Petitioner's right to appeal this Court's determination of the offense level.[1] As per the provisions of the Agreement, Petitioner waived any right to appeal by a motion under 28 U.S.C. § 2255, provided that the total offense level determined by the court was equal to or less than twenty-five. On April 15, 2004, the Court determined, and at the time Petitioner did not contest, that the total offense level was equal to or less than twenty-five. As a result, Green was sentenced to 110 months incarceration.

Green filed this petition on July 9, 2008 in United States District Court for the District of New Jersey. Petitioner claims that his counsel was ineffective in failing to comply with Petitioner's instructions to file a direct appeal. With respect to the statute of limitations, Petitioner maintains that the one-year period does not bar his motion because family members had recently informed him that counsel did not file a direct appeal. On January 26, 2009, Respondent filed the present motion to dismiss on the grounds that Green's motion was filed outside the time permitted by statute and because Green's conviction was final before Booker was decided. Petitioner filed a Motion for Default Judgment on August 6, 2009.

**II.  Green's Waiver Of His Right To A § 2255 Motion Is Enforceable**

The Third Circuit has previously held that "by waiving the right to appeal, a defendant necessarily waives the opportunity to challenge the sentence imposed, regardless of the merits."[2] United States v. Khattak, 273 F.3d 557, 561 (3d Cir. 2001). As a result, an appellate waiver in a "plea agreement deprives [the court] of jurisdiction over an appeal, so long as the waiver is entered into knowingly and voluntarily and does not work a miscarriage of justice." United

---

[1] See Agreement at 6, ("Donald Green knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing, including but not limited to an appeal under…28 U.S.C. § 2255, which challenges the sentencing court's determination or imposition of the offense level, if the total offense level determined by the court is equal to or less than 25").

[2] In fact, "ten other Courts of Appeals have held that waivers of a right to appeal are permissible and enforceable." Baker v. United States, No. 04-5641, 2007 U.S. Dist. LEXIS 26028, at *10 (D.N.J. Apr. 5, 2007).

States v. Robinson, 244 Fed. Appx. 501, 502 (3d Cir. 2007).  The same considerations apply to collateral attacks on a sentence.  Id.; see also Baker v. United States, No. 04-5641, 2007 U.S. Dist. LEXIS 26028, at *14 (D.N.J. Apr. 5, 2007) ("The Court…finds that the standard set forth by the Third Circuit in Khattak applies to waivers of the right to collaterally attack a sentence pursuant to § 2255").  In practice, an appellate court has "jurisdiction over appeals, even where…the defendant has waived his right to appeal…, [however, an appellate court] will not exercise that jurisdiction to review the merits of such an appeal if [it] conclude[s] that defendant knowingly and voluntarily waived his right to appeal unless the result would work a miscarriage of justice."  United States v. Boika, 262 Fed. Appx. 368, 370 (3d Cir. 2008) (internal citations omitted).

In this case, Green not only waived his right to a collateral attack on his sentence,  he also specifically waived his right to file a motion under § 2255.  Petitioner signed the Agreement under the statement that "I [Green] have read [the Agreement], and I understand it fully," indicating his comprehension of the waiver.  (Agreement at 4.)  Importantly, Petitioner does not present any facts that negate his knowing and voluntary acceptance of the waiver.  At most, he states that counsel "coerced" him into accepting the Agreement to avoid disturbing the court.  However, the Agreement's provisions contradict this statement.  See Agreement at 6 ("Donald Green knows that he has, and voluntarily waives, the right to file any appeal…").  In fact, he confirmed his voluntary assent in front of this Court during his plea hearing.  In light of his conduct and the Agreement, this Court will not permit Green, who knowingly and voluntarily entered into a plea agreement that contains a waiver provision, to avoid his obligations.

Finally, enforcing the Agreement will not work a miscarriage of justice.  The Third Circuit has cautioned that "it would be an 'unusual' circumstance where an error amounting to a miscarriage of justice may invalidate the waiver."  Baker, 2007 LEXIS 26028 at *12.  The Court is confident that Green's petition does not rise to that level.  Moreover, "a waiver does not

3

become unenforceable simply because a defendant claims ineffective assistance, but only if the record of the criminal proceeding revealed that the claim that the waiver was the result of ineffective assistance of counsel was meritorious." United States v. Akbar, 181 Fed. Appx 283, 286-87 (3d Cir. 2006) (citing United States v. Monzon, 359 F.3d 110, 118-19 (2d Cir. 2004)). Here, Petitioner's sole reason for claiming that counsel was ineffective is his belief that counsel ignored Petitioner's request to file an appeal. In short, Green's reasoning for his ineffective counsel claim does not pertain to the voluntary waiver of his right to appeal. For these reasons, the Court finds Petitioner's waiver of his right to file a motion under § 2255 effective.

### III. The New Rule In Booker Does Not Apply Retroactively

The Court must construe pro se pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972). The Third Circuit has held that even if a pro se petitioner does not separately list an issue in his motion, the Court will not be deterred from addressing that issue. United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007). For this reason, the Court will address whether Green can raise a claim under United States v. Booker, 543 U.S. 220 (2005).[3]

The Third Circuit has held that, for the purposes of Teague v. Lane, 489 U.S. 288 (1989), Booker announced a "new" and "procedural" rule that does not apply retroactively to § 2255 motions "where the judgment was final as of January 12, 2005, the date Booker issued." Lloyd v. United States, 407 F.3d 608, 616 (3d Cir. 2005). Other circuit courts have held the same. See Guzman v. United States, 404 F.3d 139, 143-44 (2d Cir. 2005) ("Booker is not retroactive, i.e., it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005"); see also Humphress v. US, 398 F.3d 855, 860-61 (6th Cir. 2005), In re Elwood, 408 F.3d 211, 213 (5th Cir. 2005).

---

[3] Indeed, the United States addresses Petitioner's attempt to raise a claim under Booker in its memorandum. (Resp't's Mem. 7.)

The court in Lloyd held that because Booker created only an advisory federal sentencing regime, Booker's holding did not fall within the discrete set of "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Lloyd 407 F.3d at 613 (quoting Beard v. Banks, 542 U.S. 406, 417 (2004)); see also Guzman, 404 F.3d at 143 ("Booker did not establish a watershed rule"). To the extent that Petitioner seeks to raise a claim under Booker, his claim fails because the Booker rule does not apply to § 2255 motions where the judgment was final before January 12, 2005. Because Green's judgment became final on April 29, 2004, well in advance of the new rule recognized in Booker, the Court must dismiss Petitioner's § 2255 challenge.

Second, even if Booker did apply retroactively, Petitioner's motion is still barred by the relevant statute of limitations, pursuant to § 2255(f)(3).[4] The one-year limitation period begins to run from the date on which the right asserted was initially recognized by the Supreme Court. Dodd v. United States, 545 U.S. 353, 357 (2005). Booker was decided on January 12, 2005. Petitioner's motion was filed on July 9, 2008, over three years after the Supreme Court decided Booker. For this reason, Petitioner is also barred from bringing any potential claims under Booker.

## V. Conclusion

Petitioner's § 2255 motion fails and the Government's motion to dismiss is granted.

Dated October 1, 2009

/s/ Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.

---

[4] Under § 2255(f)(3), the one-year limitation period begins to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

5